# THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) First Plaintiff, )<br>)<br>THE CINCINNATI INSURANCE )<br>COMPANY, and )<br>)<br>2) Second Plaintiff, )<br>)<br>THE HARLEYSVILLE LAKE )<br>STATES INSURANCE CO., )<br>)<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>1) First Defendant )<br>)<br>ZURICH AMERICAN INSURANCE )<br>COMPANY, )<br>)<br>   Defendant. ) | Case No.  18-CV-0089-JHP-JFJ<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW the Plaintiffs, by and through their attorney of record, Douglas E. Stall, Tulsa, Oklahoma, and file this Complaint alleging as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The present action is not related to any previously filed case before the United States District Court in and for the Northern District of Oklahoma.

2. Plaintiff, The Cincinnati Insurance Company, is a foreign insurer that can be served with process at P.O. Box 145496, Cincinnati, OH 45250-5496. The Cincinnati Insurance Company ("Cincinnati") provided Commercial General Liability Insurance for RCI Roofing and Sheet Metal, Inc. ("RCI") during relevant times on the certain

commercial construction project underlying the causes of action at issue herein, referred to as the Saint Francis Health System Tower Expansion Project ("SFH TEC Project"), which was located at 6161 South Yale, Tulsa, Tulsa County, State of Oklahoma.

3. Plaintiff, Harleysville Lake States Insurance Company, is a foreign insurer that can be served with process at 600 East Front Street, Ste. 200, Traverse City, MI 49686. Harleysville Lake States Insurance Company ("Harleysville") provided Commercial General Liability Insurance for RCI during relevant times on the SFH TEC in Tulsa County, State of Oklahoma.

4. Defendant Zurich American Insurance Company is a foreign insurer, domiciled in Illinois but authorized to do business in Oklahoma, and may be served with process at the Oklahoma Insurance Department, Legal Division, Five Corporate Plaza, 3625 NW 56th Street, Ste. 100, Oklahoma City, Oklahoma 73126.  Zurich American Insurance Company ("Zurich") issued an Owner Controlled Insurance Policy or Wrap-Up Policy ("OCIP") for St. Francis Health System ("St. Francis"), a healthcare facility located in Tulsa County, State of Oklahoma, and its participating contractors and subcontractors, including RCI, on the SFH TEC Project located in Tulsa County, State of Oklahoma.

5. Plaintiffs' claims arise out of certain contractual obligations and common law duties arising from the SFH TEC Project located in Tulsa County, State of Oklahoma.

6. The facts and issues underlying this action occurred in relation to the SFH TEC Project located in Tulsa County, State of Oklahoma.

7. Diversity of jurisdiction exists among the several parties.

8. This Court has jurisdiction over the parties hereto and the subject matter hereof. Venue is proper before this Court.

## FACTUAL BACKGROUND

9. This case involves facts and issues previously before the District Court in and for Tulsa County, State of Oklahoma, Case no. CJ-2015-1621, *Manhattan Construction Company v. Corrigan Construction, LLC, RCI Roofing and Sheet Metal, Inc., et. al.*

10. Zurich issued the OCIP identified as Policy Number GLO 9827114-00, for the SFH TEC Project with a coverage period beginning October 3, 2011 and ending June 1, 2014.

11. Zurich's OCIP No. GLO 9827114-00 identified as "named insured" Saint Francis and "ALL CONTRACTORS OF ANY TIER ENROLLED IN THE CONTROLLED INSURANCE PROGRAM AND WHO PERFORM WORK" at the SFH TEC Project.

12. The Named Insured – Owner Controlled Insurance Program Endorsement (U-GL-1379-A CW) to Zurich's OCIP No. GLO 9827114-00 further states that "a contractor of any tier will qualify as a Named Insured if such contractor: a. Is enrolled in the Owner Controlled Insurance Program for which this policy is provided; and b. Performs operations at a 'designated project.'"

13. Zurich's OCIP No. GLO 9827114-00 identified the "insured project" as "Work which the Insured is contractually obligated to perform in accordance with the

contract documents" concerning "NEW CONSTRUCTION, ALTERATIONS, ADDITIONS, RENOVATIONS AND REPAIRS" on the SFH TEC Project.

14. RCI enrolled in and paid the required premium for coverage under Zurich's OCIP No. GLO 9827114-00. Furthermore, RCI performed and completed work on the SFH TEC Project it was contractually obligated to perform in accordance with the contract documents during the covered period. Thus, RCI is a "Named Insured" under Zurich's OCIP No. GLO 9827114-00.

15. On February 10, 2012, St. Francis and Manhattan Construction Company ("Manhattan") entered into a Construction Agreement, which terms included and provided for Zurich's OCIP No. GLO 9827114-00 being issued in favor of, among other named insureds, RCI. In the terms of the Construction Agreement, St. Francis and Manhattan intended for Zurich's OCIP No. GLO 9827114-00 to serve as the primary liability insurance policy for the enrolled contractors and subcontractors, including RCI.

16. As the primary liability insurance policy for the SFH TEC Project, Zurich's OCIP No. GLO 9827114-00 is/was closest to the risks involved.

17. Cincinnati and Harleysville in this present action secondarily insured RCI in relation to its work on the SFH TEC Project.

18. On April 27, 2015, Tulsa County, State of Oklahoma, Case no. CJ-2015-1621, *Manhattan Construction Company v. Corrigan Construction, LLC, RCI Roofing and Sheet Metal, Inc., et. al.,* was entered on the docket of the District Court in and for Tulsa County, State of Oklahoma ("Tulsa County"). In Tulsa County Case no. CJ-2015-1621, Manhattan made allegations against RCI in relation to work performed upon the roofing

system of the SFH TEC Project, which constituted covered claims under Zurich's OCIP No. GLO 9827114-00 issued by Zurich.

19. Manhattan's claims against RCI for breach of contract, breach of express warranty, breach of implied warranty, contractual indemnity, negligence, equitable indemnity and contribution were based upon damage to the roofing system installed upon the SFH TEC Project, which occurred after RCI's work.

20. Pursuant to the contract documents, RCI installed its portion of the roofing system on the SFH TEC according to the roofing specifications and the shop drawings.

21. Damage to the roofing system installed on the SFH TEC Project was caused by other professionals employed at the SFH TEC Project over whom RCI had no control. Additionally, damage to the roofing system installed upon the SFH TEC Project resulted from a significant weather event over which RCI had no control.

22. Upon information and belief, from the outset of Tulsa County Case no. CJ-2015-1621, Zurich had notice of the proceedings and allegations against its insured, RCI, but failed and/or refused to defend and indemnify its insured. As discovery unfolded in Tulsa County Case no. CJ-2015-1621, it became increasingly clear that Zurich owed a duty to defend and indemnify RCI pursuant to Zurich's OCIP No. GLO 9827114-00.

23. On January 26, 2016, new third-party defendants were added to Tulsa County Case no. CJ-2015-1621 including Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel

Company; and TEPCO Contract Glazing, Inc. These new third-party defendants were also named insureds under Zurich's OCIP No. GLO 9827114-00.

24. On May 5, 2016, Manhattan filed a Petition against the Third-Party Defendants Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc.

25. One or more of these new third-party defendants in Tulsa County Case no. CJ-2015-1621, including Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc, was involved in performing work upon the roofing system on the SFH TEC Project that was at issue in Tulsa County Case no. CJ-2015-1621.

26. Zurich waived any reservation of rights it may have had under the OCIP No. GLO 9827114-00, and instead defended and indemnified its other insureds including Baker Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc.

27. Zurich defended these other insureds under OCIP No. GLO 9827114-00, and blamed RCI for the damages to the roof. In doing so, Zurich harmed RCI in its defense of

the lawsuit. At the same time, Zurich's actions benefited Zurich by setting conditions for Zurich to resolve the Tulsa County Case no. CJ-2015-1621 on behalf of its other insureds for a negligible sum of money, while at the same time harming RCI and its defenses to the lawsuit.

28.     Despite RCI's demands for a defense and indemnity, Zurich unreasonably and in bad faith refused to provide RCI with the contractually mandated defense and indemnity, but also failed even to respond to RCI's demands.

29.     Instead, Zurich repeatedly requested more and more documents from RCI about the lawsuit under the guise that Zurich was investigating the claim to determine whether RCI had coverage under OCIP No. GLO 9827114-00. However, Zurich was already fully apprised of the details of the Tulsa County Case no. CJ-2015-1621, having already been provided extensive reports and documents by its own insurance lawyers working for Zurich to defend other insureds under OCIP No. GLO 9827114-00. When RCI complied and provided Zurich with extensive documents proving RCI entitled to a defense and indemnity, Zurich, upon information and belief, wrongfully utilized those privileged communications to the benefit of its other insureds and to the detriment of RCI in Tulsa County Case no. CJ-2015-1621.

30.     Zurich even refused to provide RCI any explanation of RCI's benefits or rights under OCIP No. GLO 9827114-00; furthermore, Zurich refused even to provide RCI any explanation about why Zurich refused to defend or to indemnify RCI.

31.     On August 22, 2017, the Honorable Daman Cantrell presiding over Tulsa County Case no. CJ-2015-1621 approved the settlement between Manhattan and Baker

Drywall Dallas Ltd. d/b/a Baker Triangle; Cantera Concrete Company, LLC; Chamberlin Oklahoma, LLC d/b/a Chamberlin Roofing & Waterproofing; McIntosh Services, Inc.; MMC Contractors National, Inc.; Schuff Steel Company; and TEPCO Contract Glazing, Inc.  Zurich directed this settlement to occur and indemnified these insureds in this settlement.  Consequently, Zurich waived and should be estopped from now asserting any defense or reservation of rights it may claim to have against its duty to defend and indemnify its insured RCI.

32. On September 28, 2017, the Honorable Daman Cantrell presiding over Tulsa County Case no. CJ-2015-1621 approved the settlement between Manhattan and RCI.

33. Zurich had notice of the settlement negotiations between RCI and Manhattan. Zurich had notice of the proposed settlement between RCI and Manhattan.  Zurich had notice of the hearing to approve the RCI-Manhattan settlement in Tulsa County Case no. CJ-2015-1621.  Despite repeated notice, Zurich unreasonably and in bad faith refused to participate or in any way acknowledge RCI as Zurich's insured, but instead worked behind the scenes to undermine RCI's defenses and settlement negotiations with Manhattan.

34. Cincinnati and Harleysville defended and indemnified RCI in Tulsa County Case no. CJ-2015-1621, because Zurich unreasonably refused in bad faith to do so.

35. Thus, Cincinnati and Harleysville are entitled to recover from the defendant all sums expended in the defense and indemnity of RCI including fees, costs and expenses now being incurred to enforce their rights, which are the subject of this lawsuit.

## **CAUSE OF ACTION NO. 1:  INDEMNIFICATION**

36. Cincinnati and Harleysville incorporate the allegations made above as though fully set forth again in this section.

37. Zurich had a primary duty to bear the whole of the burden of Manhattan's claims against RCI.

38. RCI was only constructively liable to Manhattan and was in no manner responsible for the harm to the roofing system on the SFH TEC project. RCI was compelled to pay for the tortious acts of others on the SFH TEC project.

39. Cincinnati and Harleysville are entitled to indemnity from Zurich, as Plaintiffs settled a claim made by Manhattan against RCI, when Zurich was legally liable to RCI and the settlement was reasonable and made in good faith.

40. Zurich had notice of Manhattan's claim against RCI, and Zurich wrongfully and in bad faith refused to defend and indemnify RCI.

41. RCI was not at fault for the damages to the roofing system on the SFH TEC Project, as such damages were caused by Manhattan, the architect on the SFH TEC Project and other contractors and subcontractors over whom RCI exercised no control. Additionally, damages to the roofing system on the SFH TEC Project were caused by a significant weather event over which RCI had no control.

42. RCI was not at fault for damages to the roofing system on the SFH TEC Project, but RCI was constructively or derivatively liable to Manhattan for such damages which Cincinnati and Harleysville incurred on behalf of RCI.

43. RCI's work upon the SFH TEC Project was not a proximate or contributing cause of the damages to the roofing system on the SFH TEC Project.

44.     Cincinnati and Harleysville on behalf of RCI paid more than their pro rata share of damages for injury to the roofing system on the SFH TEC Project.

45.     Zurich has a duty to indemnify Cincinnati and Harleysville for all sums expended in the defense and indemnity of RCI in Tulsa County Case no. CJ-2015-1621 including fees, costs and expenses, in addition to all fees costs and expenses now being incurred to enforce their rights, which are the subject of this lawsuit, totaling more than $75,000.

## CAUSE OF ACTION NO. 2:  EQUITABLE SUBROGATION

46.     Cincinnati and Harleysville incorporate the allegations made above as though fully set forth again in this section.

47.     On February 10, 2012, St. Francis and Manhattan entered into a Construction Agreement, which terms included and provided for Zurich's OCIP No. GLO 9827114-00 being issued in favor of, among other named insureds, RCI.  In the Construction Agreement, St. Francis and Manhattan intended for Zurich's OCIP No. GLO 9827114-00 to serve as the primary liability insurance policy for all enrolled contractors and subcontractors on the SFH TEC Project, including RCI.

48.     In accordance with the contract documents, Zurich's OCIP No. GLO 9827114-00 was at all times intended by St. Francis and Manhattan to be the primary liability insurance on the SFH TEC Project for all of its enrolled insureds; and Zurich's OCIP No. GLO 9827114-00 was closest to the alleged loss.

49.     Section 12.1.1 of the construction contract between St. Francis and Manhattan provides that the purpose of Zurich's OCIP No. GLO 9827114-00 was to

"protect all Enrolled Parties against injuries and liabilities arising out of Work at the Jobsite. The Wrap Up insurance program provides Workers Compensation, Employers Liability, General Liability and Excess Liability coverage for on-site operations."

50.     Plaintiff Cincinnati's commercial general liability policy covering RCI on the SFH TEC Project specifically provides that the policy is excess coverage to: "Any other insurance: . . . That is a consolidated (wrap-up) insurance program which has been provided by the prime contractor/project manager or owner of the consolidated project in which you are involved."

51.     Plaintiff Harleysville's commercial general liability policy covering RCI on the SFH TEC Project provides that the policy is excess coverage to any other insurance: "Any coverage provided by this endorsement to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent, or on any other basis unless the 'written contract' specifically requires that this insurance be primary and that the additional insured's primary coverage be non-contributory."

52.      Cincinnati and Harleysville had a reasonable economic expectation that they would not be responsible on their respective commercial general liability policies until Zurich's OCIP No. GLO 9827114-00 had been exhausted in accordance with the express provisions and obligations of Zurich's OCIP No. GLO 9827114-00.

53.     Zurich had a common law duty of good faith and fair dealing to RCI to avoid injuring RCI and those entities standing in RCI's shoes, and Plaintiffs had reasonable

expectations that Zurich would not impair their rights or interests to receive the benefits flowing from the contractual relationship created in Zurich's OCIP No. GLO 9827114-00.

54. Cincinnati and Harleysville were not mere volunteers in defending and indemnifying RCI in Tulsa County Case no. CJ-2015-1621, but instead incurred the costs for defending and indemnifying RCI for which Zurich was primarily answerable and which equity and good conscience should have been discharged by Zurich.

55. In accordance with the common law, the costs for defending and indemnifying RCI paid by Cincinnati and Harleysville, as excess insurers, should be shifted to Zurich, RCI's primary insurer on the SFH TEC Project.

56. Zurich is ultimately responsible for the entire costs and expenses of defending and indemnifying RCI in Tulsa County Case no. CJ-2015-1621 in accordance with Zurich's OCIP No. GLO 9827114-00.

57. Cincinnati and Harleysville are entitled to equitable subrogation from Zurich for all sums expended in the defense and indemnity of RCI in Tulsa County Case no. CJ-2015-1621 including fees, costs and expenses, in addition to all fees costs and expenses now being incurred to enforce their rights, which are the subject of this lawsuit, totaling more than $75,000.

### CAUSE OF ACTION NO. 3: EQUITABLE CONTRIBUTION

58. Plaintiffs incorporate the allegations made above as though fully set forth again in this section.

59. In the event this Court concludes that Zurich's OCIP No. GLO 9827114-00 did not constitute primary insurance for RCI, Zurich is responsible for its pro rata share of

all sums expended by Cincinnati and Harleysville in the defense and indemnity of RCI in Tulsa County Case no. CJ-2015-1621 including fees, costs and expenses in accordance with the ratio each policy limit bears to the cumulative limit of all policies issued to RCI in relation to the SFH TEC Project.

60. Cincinnati and Harleysville have a right to recover reimbursement from Zurich as a co-obligor/co-insurer for all sums expended by Cincinnati and Harleysville in the defense and indemnity of RCI in Tulsa County Case no. CJ-2015-1621 including fees, costs and expenses.

61. Zurich owes Cincinnati and Harleysville reimbursement of Zurich's proportional share of the common obligation incurred for all sums expended by Cincinnati and Harleysville in the defense and indemnity of RCI in Tulsa County Case no. CJ-2015-1621 including fees, costs and expenses, in excess of $75,000.

62. Plaintiff's reserve the right to supplement or amend this Complaint and the Causes of Action set forth herein as additional information becomes available.

WHEREFORE, all premises considered, Plaintiffs respectfully pray for judgment against Defendant for all damages, attorney fees, costs and expenses incurred herein and for any other relief this Court deems just and proper. Plaintiffs respectfully demand a jury trial.

Respectfully submitted,

 /s/ Douglas E. Stall
Douglas E. Stall, OBA No. 13117
STALL, STALL & THOMPSON, P.A.
1800 South Baltimore, Ste. 805

Tulsa, Oklahoma 74119
918.743.6201 Telephone
918.392.3441 Facsimile